UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6047-CR-ZLOCH

UNITED STATES OF AMERICA,        :

        Plaintiff,                :

v.                               :

JAMES BOOKER, et al.,            :

        Defendants.               :
_____



FILED by _____ D.C.

MAR 10 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DETENTION ORDER**

      Pursuant to 18 U.S.C. § 3142(f), on March 6, 1999, a hearing was held to determine whether the defendant **Sean Dixon** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Sean Dixon** be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

      1.  The defendant is charged with conspiracy to import and to possess with intent to distribute controlled substances; importation of cocaine, and possession of cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 963, 846, 952 and 841(a)(1). Therefore, the defendant is charged with an offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that James Booker and Sean Dixon were members of an organization responsible for the importation and distribution of more than 10,000 pounds of marijuana and more than 1,000 kilograms of cocaine. Booker was intercepted on several telephone calls in which he discussed a load of 2500 pounds of marijuana that was imported in May 1997. In other recorded conversations, Booker stated that he should have "taken out" certain individuals.

Sean Davis is charged with conspiracy, as well as the importation and possession with intent to distribute of one load of cocaine in January 1996. However, he is mentioned during wiretap conversations between Booker and Cecil McCloud (a cooperating co-conspirator). At the time of his arrest, Dixon had in his possession a loaded pistol with two magazines. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a citizen of the United Kingdom, but has been a permanent resident of the United States for most of his life. The defendant's mother lives in Sunrise, Florida and his four siblings reside in New York. He has four children, three of whom reside with their mother in Fort Lauderdale; the fourth lives

in Atlanta with his mother. The defendant served in the United States Army and has been employed by Crawley American Transportation for the past eight years. He does not appear to constitute a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to, and did import and possess with intent to distribute a substantial amount of cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 10th day of March, 2000.

                                       _____
                                       LURANA S. SNOW
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Michael Dittoe (FTL)
Pretrial Services (FTL)
Israel Encinosa, Esq.