UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6047-CR-ZLOCH
MAGISTRATE JUDGE SELZTER

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

JAMES BOOKER, et al.,

                    Defendants.
_____/

APPEAL FROM MAGISTRATE JUDGE SELTZER'S ORDER DENYING GOVERNMENT'S
MOTION FOR PROTECTIVE ORDER TO DEFER COMPLIANCE WITH PARAGRAPHS D
AND E OF THE STANDING DISCOVERY ORDER

The United States of America, through its undersigned

attorney, appeals from Magistrate Judge Seltzer's Order of April

10, 2000 denying the Government's Motion to Defer Compliance with

Paragraphs D and E of the Standing Discovery Order. This appeal is

taken in accordance with 28 U.S.C. § 636(b)(1)(A) and Local

Magistrate Rule 4.

I    INTRODUCTION

Rule 16(d)(1), Fed. R. Crim. P., permits the court to deny,

restrict, or defer pre-trial discovery upon sufficient showing by

a party of need for such action. The Rule provides as follows:

            (d)   Regulation of Discovery.

                  (1)   Protection and Modifying Orders.
                  Upon a sufficient showing the court may
                  at any time order that the discovery or
                  inspection be denied, restricted, or deferred,
                  or make such order as is appropriate. Upon
                  motion by a party, the court may permit the



> party to make such showing, in whole, or
> in part, in the form of a written statement to
> be inspected by the judge alone.  If the court
> enters an order granting relief following such
> an ex parte showing, the entire text of the
> party's statement shall be sealed and preserved
> in the record of the court to be made available
> to the appellate court in the event of an appeal.

The government wishes to defer compliance paragraphs "D" and "E" of the Standing Discovery Order.  Those paragraphs provide that the following material must be supplied to defense counsel within 14 days following the defendant's arraignment:

> D.    The government shall disclose to the
>       defendant the existence of any payment,
>       promises of immunity, leniency,
>       preferential treatment, or other
>       inducements made to prospective
>       government witnesses, within the
>       scope of United States v. Giglio,
>       405 U.S. 150 (1972) and Napue v.
>       Illinois, 360 U.S. 264.
>
> E.    The government shall supply the defendant
>       with a record of prior convictions of any
>       alleged informant who will testify for the
>       government at trial.

The United States requests a delay in requiring its compliance with the aforementioned discovery provisions because the disclosure of the items in paragraphs D and E would alert the defendants as to the identity of key government witnesses, thereby, creating a serious risk of retaliation against those witnesses.  Accordingly, in accord with the below cited cases and the common practice in this district, see, e.g.. United States v. Aiken, 76 F. Supp. 2d 1339, 1342-1344 (S.D. Fla. 1999; J., Gold) (collecting cases), the

2

United States moves this Court to defer compliance with Sections D and E of the standing discovery order until the commencement of trial or until five days before the anticipated start of trail once the order of trial has been determined at the calendar call of the case.[1]

## II    FACTS

The defendants are charged in a multi-count indictment with smuggling narcotics into the United States through Port Everglades. Specifically, the indictment alleges that large quantities of cocaine and marijuana were smuggled into the United States through various maritime shipping companies at Port Everglades. The conspiracy was responsible for smuggling more than 1,000 kilograms of cocaine and 10,000 pounds of marijuana.[2] The defendants used their positions as dock workers to facilitate the smuggling of the drugs into the United States. Consequently, the defendants face considerable prison sentences in the event of conviction.

---

[1]    The United States, in the pre-trial detention hearing, already disclosed that Cecil McCleod, who is incarcerated, is a government witness. However, there are other government witnesses who are either not incarcerated or whose families could be placed in danger if their identities are disclosed before trial. The United States, of course, will disclose the Giglio and related information in so far as it related to McCleod.

[2]    Of course not all defendants were involved in all importations. Thus, the amount of controlled substances reasonably foreseeable by any particular defendant under the United States Sentencing Guidelines may vary.

Conversations intercepted pursuant to court orders indicate a propensity toward violent actions by members of the conspiracy. For example, in a conversation with Cecil McCleod (now an incarcerated cooperating witness) about a drug dispute between Booker and another drug dealer Defendant Booker stated that "I could have taken everybody out in one meeting." (Ex. 2 at p. 10). Later in the conversation Booker again stated, "You know what I'm saying? I could I could, uh, (UI) taken everybody out." (Ex. 2 at P. 11). Booker further remarked that, "I told you what I did. I put it up, put in up in the motherf------, eliminate the motherf------. This being you gotta do what you gotta do. I'm going to take care of my business. Plus that ni---- put me out there, me and my men and my family." (Ex. 2 at p. 11).

Moreover, the government's evidence will indicate that defendant Sean Dixon is one of Booker's men mentioned in the above conversation. In a search incident to a lawful arrest, law enforcement officers discovered a loaded pistol in a closet in Dixon's bedroom. Two additional magazines were also discovered near the weapon.

In addition a government witness has expressed fear for his/her family based on the witnesses association with Booker. According to the witness Booker has indicated in the past that his associates would be available to collect drug debts owed to members of the organization. The witness believes that Booker would also

4

undertake violence to retaliate against person who testified at trial.

III  LEGAL ARGUMENT

Although the disclosing of government benefits and other impeachment information is constitutionally mandated, the timing of such disclosures is not. Neither Giglio, supra, nor Napue, supra, nor in other cases, has the Supreme Court stated when such disclosures must be made.

The courts that have considered the question have consistently held that impeachment materials, such as those covered by the Court's Standing Discovery Order, need not be disclosed to the defense prior to trial. As a consequence, District Courts in the Southern District of Florida do delay compliance with paragraphs D and E of the standing discovery order in appropriate cases based on the possibility of retaliation against witnesses. United States v. Aiken, 76 F. Supp. 2d 1339, 1342-1344 (S.D. Fla. 1999; J., Gold) (collecting cases). See also, United States v. O'Neill, 767 F.2d 780, 783-84 (11th Cir. 1985) (failure to disclose witness' agreement with prosecution for his testimony was not grounds for reversal where the information was disclosed during the trial before the jury); United States v. Darwin, 757 F.2d 1193, 1201 (11th Cir.), cert. denied, 106 S.Ct. 106 (1985) (No prejudice found where government's disclosure of Brady material made after witness had testified and defendant could have recalled the witness for further

5

questioning); <u>United States v. Kipituk</u>, 690 F.2d 1289, 1341 (11th Cir. 1982), <u>cert.</u> <u>denied</u>, 461 U.S. 928 (1983) (Defendants not deprived fair trial where there was a mere delay in the transmittal of <u>Brady</u> materials and defendants were able to effectively utilize the information); <u>United States v. Abrams</u>, 539 F. Supp. 378, 390 (S.D.N.Y.) (1982) ("<u>Brady</u>...does not require the government to disclose information pertaining to the credibility of witnesses before that witness testifies").

In this case, the government has presented specific evidence of a defendant's stated intent to retaliate against a rival drug dealer.  It is not a logical leap to conclude that persons with pre-dispositions for violence pose a grave risk of retaliating against government witnesses.  Indeed, a presently undisclosed government witness, has expressed a fear that Booker will retaliate against his/her family.  Moreover, this retaliation may occur even though the defendant himself is incarcerated.  As noted above, Booker indicated that he had persons in his group who were placed at risk by a rival drug importer.  Some of these persons have not yet been identified.  There is a real danger that retaliation will occur against government witnesses and their families.

IV   <u>CONCLUSION</u>

Consequently, in order to protect government witnesses and the integrity of the judicial process, a protective order should be

entered deferring compliance with paragraphs D and E of the standing discovery order.

WHEREFORE, for the above-stated reasons, the United States moves this Court to reverse Magistrate Judge Seltzer's Order and defer compliance with Sections D and E of the standing discovery order until the commencement of trial, or, alternatively, defer compliance until five days before the anticipated start of trial once the order of trial has been determined at the calendar call of the case.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _Michael J. Dittoe_

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing

was delivered by United States mail April 19, 2000 to:

Gary I. Rosenberg, Esq.  
Adorno & Zedar, P.A.  
2601 S. Bayshore Drive  
Suite 1600  
Miami, FL 33133  
For defendant Booker

Joel D. Robrish, Esq.  
One Datran Center  
Suite 400  
9100 S. Dadeland Blvd.  
Miami, FL 33156  
For defendant Knight

Scott Sakin, Esq.  
1411 N.W. N. River Drive  
Miami, Fl 33125  
For defendant Dixon

Harold Keefe, Esq.  
19220 Oakmont Drive  
Hialeah, FL 33015  
For defendant Boks

Philip Horowitz, Esq.  
12651 S. Dixie Hwy., Ste. 328  
Miami, FL 33156

Ruben Garcia, Esq.  
1209 S.E. 3rd Avenue  
Ft. Lauderdale, FL 33316



MICHAEL J. DITTOE  
Assistant United States Attorney

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA, )      CASE NO. 00-6047-CR-ZLOCH
                             )      Magistrate Judge Seltzer
         Plaintiff,     )
v.                       )
                             )
JAMES BOOKER, et al.,       )
                             )
         Defendants.     )

## ORDER

**THIS MATTER** is before the Court on the Motion of the United States for Protective Order to Defer Compliance with Paragraphs D and E of the Standing Discovery Order and the Motion to Compel Compliance filed by Defendant James Booker. This Court has reviewed the Motions and all other pertinent matters in the file.

**ACCORDINGLY**, this Court orders that the Motion of the United States for Protective Order to Defer Compliance with Paragraphs D and E of the Standing Discovery Order is **DENIED** and the Motion to Compel Compliance filed by Defendant James Booker is **GRANTED**. The United States shall have ten (10) days after being served with this Order within which to appeal. This Order is hereby stayed pending resolution by the District Court.

DONE AND ORDERED, in Chambers, at Fort Lauderdale, Florida, this 10th day of April, 2000.

                                BARRY S. SELTZER
                                UNITED STATES MAGISTRATE JUDGE

cc: Honorable William J. Zloch
     Counsel on attached list



Michael J. Dittoe, Esq. - AUSA
Gary Rosenberg, Esq.
Joel D. Robrish, Esq.
Scott Sakin, Esq.
Harold Keefe, Esq.
Philip Horowitz, Esq.
Ruben Garcia, Esq.

G & L TRANSCRIPTION SERVICES, Inc.

2151 WEST HILLSBORO BOULEVARD, SUITE 210

DEERFIELD BEACH, FL 33442

Ph: (561) 998-1981    FAX: (561) 241-3619

| | |
|---|---|
| **CASE #:** | GS-97-0147 |
| **TAPE #:** | N26B   (Call # 214) |
| **DATE (of recording):** | 05-25-97 |
| **TIME (of recording):** | 10:06 |
| **PARTICIPANTS:** | Cecil McCleod;  James Booker |

**Abbreviations:**

**Unintelligible  (UI)**

**Phonetic  (PH)**

**Translator comments and Tape count  [  ]**

| **Participant.** | **Conversation** |
|---|---|
| | [ PHONE SPEED-DIALING ] |
| C. McCLEOD | What's up, y'all? (UI) good morning. |
| J. BOOKER | Good morning, (UI). |

1



G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA 33442               Ph: (561) 998-1981  •  Fax: (561) 241-2619

[ STATIC BURST ]

C. McCLEOD        You alright?

J. BOOKER         Yeah, yeah.

C. McCLEOD        This is working out. It's, it's just a lot of confusion with (UI) that
                  thing.  You know them same characters that was with you.

J. BOOKER         Yeah.

C. McCLEOD        With that last situation, they, they were behind my whole thing.

J. BOOKER         I figured that.

C. McCLEOD        They been clowning like a bitch, man.

J. BOOKER         Yeah?

C. McCLEOD        It i've knew [sic.] it was those motherfuckers, you might uh, (UI)
                  been that shit.

J. BOOKER         It was... it was them coming through your boy, uh?

C. McCLEOD        Yeah.  You know what I'm saying?

J. BOOKER         Yeah., yeah, 'cause they, they asked me last week.  (UI) you
                  know what they asked me?

2

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981   •   Fax: (561) 241-3619

C. McCLEOD          Nah huh.

J. BOOKER           I, I, uh, I told 'em we can't do nothin'.

C. McCLEOD          Uh huh.

J. BOOKER           You know what I'm saying?

C. McCLEOD          Right.

J. BOOKER           Hold on a second, hold on a second.  I... hold on, hold on a
                    second.

                    [ STATIC BURST, BACKGROUND RINGING, TO TAPE  -  007]

C. McCLEOD          Yeah.

J. BOOKER           Yeah, yeah.

C. McCLEOD          I don't know why them niggers are so full of games, (UI).

J. BOOKER           Yeah, you know what I'm saying?

C. McCLEOD          All the motherfuckin' time.

J. BOOKER           But, but... they came through your boy.

C. McCLEOD          Yeah.

3

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

J. BOOKER          I, I, uh, you know, I thought I recognized one of the motherfuckeers when,,, and uh, uh, I could've sworn this mother (UI) probbaly didn't want me to go.

C. McCLEOD          Uhh?

J. BOOKER          I was, uh, I don't think they wanted me to go.

C. McCLEOD          That ain't got nothing to do with them.

J. BOOKER          No, but uh, (UI) tomorrow, man. " I see ya' later, I see you later. Uh, uh I check it tomorrow, dog."

C. McCLEOD          Who said that?

J. BOOKER          Sealand Yard, Shakey.

C. McCLEOD          Oh yeah?

J. BOOKER          Uhh?

C. McCLEOD          Who said that?

J. BOOKER          Shakey.

C. McCLEOD          Shakey ain't got nothing to do with that.

J. BOOKER          Uh, I, I know that. I was just telling what, what the motherfucker was saying when I was there, you know. (UI).

4

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

C. McCLEOD          Oh, yeah.

J. BOOKER          I figured, it was him, you know, (UI) order, right?

C. McCLEOD          Yeah, 'cause I told my boy, in the first place.

J. BOOKER          For see, I didn't know, I didn't know you, (UI) true colors.

C. McCLEOD          Uh huh.

J. BOOKER          If I knew that, I would've (UI) and put "Chino" (PH) with them.

C. McCLEOD          Yeah, yeah.

J. BOOKER          I, you know, I didn't know.

C. McCLEOD          Uh huh.

J. BOOKER          I figured they made me know, 'cause I uh, I don't want them niggers didn't know nothing 'bout me, you know what I'm saying?

C. McCLEOD          Yeah, I understand that, dog.

J. BOOKER          (UI) half the port know what went down.

C. McCLEOD          Right.  That was a spur of the moment thing.  You boy couldn't get off, (UI) they send a man back to the boat, you know what I'm saying?

5

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

J. BOOKER          (UI), though.

C. McCLEOD          Huh?

J. BOOKER          (UI) I was out, me and...

C. McCLEOD          I know what you were saying, but he was your boy.

J. BOOKER          Yeah.  But I, I wouldn't worry about that, though.

C. McCLEOD          Well, what I'm saying...

J. BOOKER          I wouldn't do (UI).

C. McCLEOD          ... people, people who I wanted I couldn't get.

J. BOOKER          Yeah.  Right, right.

C. McCLEOD          "Ha-", "Hawk" was down there, on the other end.

J. BOOKER          Uh, I, uh... you know what?  I saw "Hawk" too, when I was
                   sitting there , when , when I was sitting at "Lester's".

C. McCLEOD          Yeah.

J. BOOKER          I (UI) to "Hawk", why don't you catch this girl, you just call her
                   and see how it's packed."

C. McCLEOD          Yeah, yeah.

6

G & L TRANSCRIPTION SERVICES, Inc.            2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442            Ph: (561) 998-1981  •  Fax: (561) 241-3619

[ TAPE COUNT - 019 ]

J. BOOKER        You uh, you know what I'm saying?

C. McCLEOD       Uh huh.

J. BOOKER        And uh, and uh, I started to (UI), you know, to see (UI) back at
                 "Lester's".  And I beeped you in Bimini.

C. McCLEOD       I lost two (2) people real quick, "Hawk" and "Red".  You know
                 what I'm saying?

J. BOOKER        I'll, I'll beep you quick.

C. McCLEOD       That I had to replace.  And then when I got back, they, they,
                 say you  had (UI), I said "Bill" (PH).

                 [ STATIC PEAK.  CONVERSATION IS LOST MOMENTARILY]

J. BOOKER        Hello!

                 [STATIC BURST.  PHONE DIALING, TO TAPE COUNT  - 024 ]

                 [ **END OF CONVERSATION** ]

G & L TRANSCRIPTION SERVICES, Inc.               2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442               Ph: (561) 998-1981  •  Fax: (561) 241-3619

## [ **NEW CONVERSATION**. TAPE COUNT - 026 ]

C. McCLEOD          Yeah.

J. BOOKER           That was it.

C. McCLEOD          Uh huh.

J. BOOKER           You hold on.  I figured that what it was...

C. McCLEOD          Uh huh.

J. BOOKER           ... I probably should have hung up, but, uh, (UI). (UI) that
                    motherfucker (UI) God damn it, you know, (UI)...

C. McCLEOD          Uh huh.

J. BOOKER           ... damned, he looked familiar.

C. McCLEOD          Yeah, yeah.

J. BOOKER           But then I, you, I ain't (UI). I  play ball, (UI).

C. McCLEOD          Yeah.

J. BOOKER           I'm just at the ballfield, you know what I'm saying?   So the
                    nigger was chilling over there.

C. McCLEOD          Uh huh.

8

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981   ●   Fax: (561) 241-3619

J. BOOKER          'Cause I didn't want those niggers start holding a conversation
                   with me.  I didn't want to talk to they'all.

C. McCLEOD         Uh huh.

J. BOOKER          I figured... you know what?  I figurred, I, I missed (UI) that thing
                   he was, holding and the motherfucker sneaking in, though the
                   (UI) once I saw him, you know.

C. McCLEOD         Oh shit!

J. BOOKER          'Cause he thought it was you who that straightened it up.

C. McCLEOD         Uh huh.

J. BOOKER          That's what he told me.

C. McCLEOD         Who?

J. BOOKER          See, my people don't want straightening this thing out.

C. McCLEOD         Whose people?

J. BOOKER          "Shakey."

C. McCLEOD         "Shake" said what?

J. BOOKER          That my people don't want to straighten this thing out.  I got
                   something to work this (UI).  Don't worry about it.

9

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

C. McCLEOD          Some shit like that.

J. BOOKER          (UI) my answer to that.  But he, him and his people were the
                   ones that straightened this thing out.

C. McCLEOD          You're right.

J. BOOKER          He asid, "No big deal."

C. McCLEOD          Uh?

J. BOOKER          Otherwise (UI) no big deal who was straightening it out.  We
                   were the ones who need to know whether he did it or stop
                   bullshitting.

C. McCLEOD          Yeah.

J. BOOKER          You know what I'm saying?  "Cause we, we'll make, we'll make
                   motherfucking trouble.

C. McCLEOD          Yeah.

J. BOOKER          I could've gotten mine all in one meeting.  You know what I'm
                   saying?

C. McCLEOD          Say that again.

J. BOOKER          I uh, I could have taken everybody out in one meeting.

10

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

| | |
|---|---|
| C. McCLEOD | Yeah. |
| J. BOOKER | You know what I'm saying?  I could, I, uh, I (UI) taken everybody out. |
| C. McCLEOD | Uhuh. |
| J. BOOKER | Uh, I, I and they (UI) me, not to tell you about (UI).  But it's just that everything worked out, I couldn't (UI). |
| C. McCLEOD | Uhm huh. |
| J. BOOKER | And that was (UI).  You know, you... see, I was (UI) told you I wasn't taking any more shit. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | That was it, man, that was it.  I, I was stressed out.  My family was stretched to the end, man. |
| C. McCLEOD | I, you know, I knew we were in a motherfucking situation.  I knew that. |
| J. BOOKER | I told you what I did.  I put it up, put in up in the (UI) motherfuckers, eliminate the motherfuckers. This being you gotta do what you gotta do.  I'm gonna take care of my business.  Plus that nigger put me out there, me and my men and my family. |

11

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  •  Fax: (561) 241-3619

[ TAPE COUNT - 043 ]

C. McCLEOD          Uhuh.

J. BOOKER          You understand what I'm saying?

C. McCLEOD          Uh huh.

J. BOOKER          It's the, the old, old law (UI) for me and you talk in person.

C. McCLEOD          Uh huh.

J. BOOKER          Why (UI) going to let you go.    I could (UI) set right now.

C. McCLEOD          Whenever I get straight, but I ain't straight yet.

J. BOOKER          (UI) I figger that when you said the same people, then I knew they probably want most of that.

C. McCLEOD          Yeah.

J. BOOKER          [OVERLAPS]  (UI).

C. McCLEOD          I don't know what they're (UI) how are they tryinng niggers like this.

J. BOOKER          Hey, they ain't trying me like (UI).  They know they (UI) they really dead, You know what I'm saying?

12

G & L TRANSCRIPTION SERVICES, Inc.                    2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442                    Ph: (561) 998-1981  •  Fax: (561) 241-3619

C. McCLEOD         You know what I'm saying?  [LAUGHS]

J. BOOKER          Hey now, that, that, that  can't be what I said.  They gotten paid
                   little by little, you know what I'm saying?

C. McCLEOD         Uh huh.

J. BOOKER          Hold on a second, (UI).

                   [ BURST OF LOUD NOISES.  TAPE COUNT  -  048 ]

C. McCLEOD         Yeah.  Uh huh.

J. BOOKER          I was, uh, you don't think it would be through today?

C. McCLEOD         What was that?

J. BOOKER          That, you think it would be through, before the (UI)?

C. McCLEOD         Uh, i don't know.  i'm gonna go back.  As soon as i get up i'm
                   gonna go right back to (UI).

J. BOOKER          Oh, you send word again?

C. McCLEOD         Yeah.

J. BOOKER          Oh, you still up there today.

C. McCLEOD         Oh, again.  We came in at, uh, quarter to six (5:45).

13

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442          Ph: (561) 998-1981   •   Fax: (561) 241-3619

| | |
|---|---|
| J. BOOKER | With a small crew? |
| C. McCLEOD | Uh, yeah, only ten (10) or so. |
| J. BOOKER | Yeah, (UI). |
| C. McCLEOD | Uhuh. |
| J. BOOKER | (UI). |
| C. McCLEOD | That shit, (UI). I told the men, "Look it, those characters", my man." |
| J. BOOKER | Yeah. |
| C. McCLEOD | "Had them", my man. |
| J. BOOKER | I, uh, (UI), you know I told them this (UI). He knows that I can give my (UI). |
| C. McCLEOD | Huh? |
| J. BOOKER | I figure, I figure they'll will come again. |
| C. McCLEOD | Uh huh. |
| J. BOOKER | (UI) tell them to watch out. |
| C. McCLEOD | Uh huh. |

14

G & L TRANSCRIPTION SERVICES, Inc. 2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442 Ph: (561) 998-1981  •  Fax: (561) 241-3619

J. BOOKER  'Cause they will come, I know they going to come 'cause they (UI) nothing back from you boy.

C. McCLEOD  Uh huh.

J. BOOKER  And they, they need just to bring (UI) to make a hit.

C. McCLEOD  I heard they knocked his mama's door down.

J. BOOKER  Yeah.  Uh...

C. McCLEOD  I thought they just came and knock, and they (UI) kick it down.

J. BOOKER  I know.

C. McCLEOD  Yeah,

J. BOOKER  (UI).

C. McCLEOD  Yeah, yeah. .

J. BOOKER  That way them boys ain't talking all rough.

C. McCLEOD  Uh uh.

J. BOOKER  You know what I'm sayin'?

C. McCLEOD  Uh uh.

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  ●  Fax: (561) 241-3619

J. BOOKER          (UI) Evie (PH) talked to him on the phone.  But the (UI) my
                   woman telling me.  That means you blow smoke up my ass.
                   The good thing is I just kept it to myself.  You know what I'm
                   saying?

C. McCLEOD         Uh huh.

J. BOOKER          I, ih, I was just feeling you out.  I know what you're doing, trying
                   to smile at my face.  And laughing, (UI) even put me out there...

C. McCLEOD         Uh huh.

J. BOOKER          ... you know what I'm saying? 'Cause you know, right now, you
                   (UI) you part of the family.

C. McCLEOD         (UI).

J. BOOKER          You was a part of (UI).

C. McCLEOD         Yeah?

J. BOOKER          Yeah.  And I know, one don't move without the other.

C. McCLEOD         Uhuh.

J. BOOKER          You know that.

C. McCLEOD         Yeah.

16

G & L TRANSCRIPTION SERVICES, Inc.          2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH  FLORIDA  33442          Ph: (561) 998-1981  ●  Fax: (561) 241-3619

J. BOOKER          That (UI).

C. McCLEOD          (UI).

J. BOOKER          I uh, I want, I'm gonna do a little bit. (UI) I was selling the other
                   for a couple, alright?

C. McCLEOD          Say that again.

J. BOOKER          I'm gonna put some shit together.  I'm just waiting on you.

C. McCLEOD          Uhhm...

J. BOOKER          Okay?

C. McCLEOD          Hold on, uh, let me, hold on.  Let me see what's going on.

J. BOOKER          No, uh, no, I know that.

C. McCLEOD          You talking 'bout something new.

J. BOOKER          Something to clear, something, I, uh, I was trying to help you
                   right now.  I don't understand(UI) once you cleared.

C. McCLEOD          Okay.  I'd (UI).

J. BOOKER          I'm, I'm, uh, (UI) this shit right now.

                   [ TAPE COUNT - 067 ]

                   17

G & L TRANSCRIPTION SERVICES, Inc.                    2151 West Hillsboro Boulevard, Suite 210
DEERFIELD BEACH   FLORIDA   33442              Ph: (561) 998-1981  ●  Fax: (561) 241-3619

C. McCLEOD          Okay, I hear you, I hear you.

J. BOOKER           Two hundred (200) (UI) for the, uh, for the next six, seven (6, 7)

                    hours I'll be lining it up, so (UI) for you.

C. McCLEOD          Okay.

J. BOOKER           Before I say (UI).

C. McCLEOD          Okay.

J. BOOKER           Awright.

C. McCLEOD          Alright

                    [ SOUND OF SPEED-DIALING.  TAPE COUNT  -  069 ]

                    [ **END OF RECORDING** ]