MJD:pab

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6047-CR-HUCK(S)
21 U.S.C. 963
21 U.S.C. 952
21 U.S.C. 846
21 U.S.C. 841
18 U.S.C. 2

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
v.                             )
                               )
                               )
JAMES BOOKER,                  )
JARROD KNIGHT,                 )
SEAN DIXON,                    )
DONNELL BOKS, and              )
EARNEST ARCHIE                 )
                               )
              Defendants.      )
_____)

FILED by _____ D.C.

OCT 1 0 2000

The Grand Jury charges that:

GENERAL ALLEGATIONS

At times material to this indictment:

1.    Port Everglades is a major maritime port in the United States, and is located in Broward County, Florida.  Numerous goods are imported into the United States through Port Everglades.

2.  Maritime shipping companies are in the business of importing and exporting goods into and from the United States.

OCT 1 6 2000

Rec'd in MIA Dkt _____

3.    Goods imported into the United States by ship are generally placed in metal shipping containers that are capable of being placed on trucks or rail cars and shipped by surface transport to their ultimate destination.    These metal shipping containers are unloaded from ships by stevedores, who use large cranes to lift the containers from a docked ship.    The containers are then taken by truck from the off loading site for temporary storage at Port Everglades.    In the temporary storage location the containers await final clearance by the United States Customs Service to enter the United States.

4.    Security at the maritime shipping companies located at Port Everglades is provided by private security companies that have contracts with the maritime shipping companies.

5.    The International Longshoremen's Association (ILA), Local 1526, located in Fort Lauderdale, and Local 1416, located in Miami, provided union members as stevedores to maritime shipping companies operating at Port Everglades and the Port of Miami.    Members of the ILA used their positions to facilitate the importation of controlled substances such as cocaine and marijuana into the United States.

6.    The International Brotherhood of Teamsters (Teamsters), Local 390, located in Miami, provided union members as stevedores to Crowley American Transport Services, Inc. (Crowley), a

2

maritime shipping company located at Port Everglades.  Members of
the Teamsters used their positions to facilitate the importation
of controlled substances such as cocaine and marijuana into the
United States.

7.    Defendants JAMES BOOKER, SEAN DIXON, and EARNEST ARCHIE
were members of the Teamsters Local 390 and were employed by
Crowley American Transport Services.

8.    Other conspirators were employed as a stevedores with
Florida Transportation Services (FTS) a maritime shipping company
located at Port Everglades.

9.    Defendant DONNELL BOKS was a member of the
International Longshoreman's Association in Miami, Florida.

COUNT 1

1.    The General Allegations in numbered paragraphs one (1)
through nine (9), inclusive, are realleged and expressly
incorporated herein.

2.    From in or about January 1, 1995, up to and including
the date of the return of this indictment, in the Southern
District of Florida, Broward County, and elsewhere, the
defendants,

JAMES BOOKER,<br>
JARROD KNIGHT,<br>
SEAN DIXON,<br>
DONNELL BOKS, and<br>
EARNEST ARCHIE

3

knowingly, intentionally, and willfully combined, conspired, confederated and agreed together, and with each other, and with persons known and unknown to the Grand Jury, to import into the United States controlled substances, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine and in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952.

MANNER AND MEANS OF THE CONSPIRACY

3.   It was part of the conspiracy that the conspirators, JAMES BOOKER, JARROD KNIGHT, SEAN DIXON, DONNELL BOKS, and EARNEST ARCHIE, joined together with Cecil McCleod, Mark Knight and others to import controlled substances through Port Everglades and elsewhere.

4.   It was further part of the conspiracy that the defendants and other co-conspirators sought to smuggle various types of controlled substances through Port Everglades and elsewhere for subsequent distribution in South Florida and elsewhere.

5.   It was further part of the conspiracy that the various defendants and conspirators would occupy different roles in the conspiracy and that, although all the conspirators did not have full knowledge of all of the details of the conspiracy all the conspirators would join together for the common purpose of

4

smuggling controlled substances through Port Everglades.

6.    It was further part of the conspiracy that the defendants JAMES BOOKER, SEAN DIXON, and EARNEST ARCHIE, would use their membership in the Teamsters Union to facilitate the smuggling of illegal drugs through Port Everglades and elsewhere for subsequent distribution in South Florida and elsewhere.

7.    It was further part of the conspiracy that the defendant DONNELL BOKS would use his membership in the ILA to facilitate the smuggling of illegal drugs through Port Everglades and elsewhere for subsequent distribution in South Florida and elsewhere.

8.    It was    further part of the conspiracy that other conspirators would use their employment with Florida Transportation Services to facilitate the smuggling of illegal drugs through Port Everglades and elsewhere for subsequent distribution in South Florida and elsewhere.

9.    It was  further part of the conspiracy that the defendant JARROD KNIGHT would broker and arrange for the smuggling of large loads of illegal drugs through Port Everglades and elsewhere for subsequent distribution in South Florida and elsewhere.

10.   It was further a part of the conspiracy that the defendants and other coconspirators would remove hundreds of kilograms of cocaine and thousands of pounds of marijuana from sealed cargo containers unloaded from vessels docked at Port

5

Everglades for subsequent distribution in South Florida and elsewhere.

11.   It was further part of the conspiracy that the defendants would use various means to distribute, conceal and invest funds derived from the illegal importation and distribution of controlled substances.

12.   It was further part of the conspiracy that the defendants and other conspirators would take all steps necessary to conceal from law enforcement the identities of the members of the organization and its unlawful purpose.

All in violation of Title 21, United States Code, Section 963.

<u>COUNT 2</u>

1.   The General Allegations numbered paragraphs one (1) through nine (9) inclusive are realleged and expressly incorporated herein.

2.   From in or about January 1, 1995, up to and including the date of the return of this indictment, in the Southern District of Florida, Broward County, and elsewhere, the defendants,

JAMES BOOKER,
JARROD KNIGHT,
SEAN DIXON,
DONNELL BOKS, and
EARNEST ARCHIE

knowingly, intentionally, and willfully combined, conspired, confederated, and agreed together and with each other, and with

6

persons known and unknown to the Grand Jury, to possess with intent

to distribute controlled substances, that is, in excess of five

kilograms of a mixture and substance containing a detectable amount

of cocaine and in excess of 1,000 kilograms of a mixture and

substance containing a detectable amount of marijuana, in violation

of Title 21, United States Code, Section 841(a)(1).

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

3.    Paragraphs numbered three (3) through twelve (12)

inclusive of Count 1 of this Indictment are realleged and expressly

incorporated herein as setting forth the Manner and Means of the

Conspiracy.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT 3</u>

1.    The General Allegations in numbered paragraphs one (1)

through nine (9), inclusive, are realleged and expressly

incorporated herein.

2.    On or about January 18, 1996, at Broward County, in the

Southern District of Florida, and elsewhere, the defendants,

JAMES BOOKER,
JARROD KNIGHT, and
SEAN DIXON

did knowingly and intentionally import into the United States,

from a place outside thereof, a Schedule II controlled substance,

that is, in excess of five kilograms of a mixture and substance

7

containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

### COUNT 4

1. The General Allegations numbered paragraphs one (1) through nine (9) inclusive are realleged and expressly incorporated herein.

2. On or about January 18, 1996, in the Southern District of Florida, Broward County, the defendants,

JAMES BOOKER,
JARROD KNIGHT, and
SEAN DIXON

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

### COUNT 5

1. The General Allegations in numbered paragraphs one (1) through nine (9), inclusive, are realleged and expressly incorporated herein.

2. On or about March 6, 1996, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JAMES BOOKER, and

8

JARROD KNIGHT

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

### COUNT 6

1.    The General Allegations in numbered paragraphs one (1) through nine (9), inclusive, are realleged and expressly incorporated herein.

2.    On or about April 5, 1996, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

JAMES BOOKER

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, in excess of 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

### COUNT 7

1.    The General Allegations numbered paragraphs one (1) through nine (9) inclusive are realleged and expressly incorporated

9

herein.

2. On or about April 5, 1996, in the Southern  District of Florida, Broward County, the defendant,

JAMES BOOKER,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

<u>COUNT 8</u>

1.    The General Allegations in numbered paragraphs one (1) through nine (9), inclusive, are realleged and expressly incorporated herein.

2.    On or about July 22, 1996, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

JAMES BOOKER,

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

10

COUNT 9

1.    The General Allegations numbered paragraphs one (1) through nine (9) inclusive are realleged and expressly incorporated herein.

2.    On or about July 22, 1996 in the Southern  District of Florida, Broward County, the defendant,

JAMES BOOKER

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

COUNT 10

1.    The General Allegations in numbered paragraphs one (1) through nine (9), inclusive, are realleged and expressly incorporated herein.

2.    On or about September 1, 1996, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

JAMES BOOKER,

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title

11

21, United States Code, Section 952 and Title 18, United States
Code, Section 2.

## COUNT 11

1.    The General Allegations in numbered paragraphs one (1)
through nine (9), inclusive, are realleged and expressly
incorporated herein.

2.    On or about February 28, 1997, at Broward County, in the
Southern District of Florida, and elsewhere, the defendant,

JAMES BOOKER

did knowingly and intentionally import into the United States, from
a place outside thereof, a Schedule I controlled substance, that
is, in excess of 1,000 kilograms of a mixture and substance
containing  detectable amount of marijuana, in violation of Title
21, United States Code, Section 952 and Title 18, United States
Code, Section 2.

## COUNT 12

1.    The General Allegations in numbered paragraphs one (1)
through nine (9), inclusive, are realleged and expressly
incorporated herein.

2.    On or about March 22, 1997, at Broward County, in the
Southern District of Florida, and elsewhere, the defendant,

JAMES BOOKER

did knowingly and intentionally import into the United States, from

12

a place outside thereof, a Schedule I controlled substance, that is, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

### COUNT 13

1.    The General Allegations in numbered paragraphs one (1) through nine (9), inclusive, are realleged and expressly incorporated herein.

2.    On or about May 24,  1997, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> JAMES BOOKER,
> DONNELL BOKS, and
> EARNEST ARCHIE

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952 and Title 18, United States Code, Section 2.

### COUNT 14

1.    The General Allegations numbered paragraphs one (1) through nine (9) inclusive are realleged and expressly incorporated herein.

2. On or about May 24, 1997, in the Southern District of Florida, Broward County, the defendants,

JAMES BOOKER,
DONNELL BOKS, and
EARNEST ARCHIE

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____00-6047-CR-HUCK(s)_____ |
| v. | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| JAMES BOOKER, et al | **Superseding Case Information**: |

**Court Division:** (Select One)

New Defendant(s)     Yes ____     No ____
Number of New Defendants ____
Total number of counts ____

x__ Miami ___ Key West
___ FTL ___ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No) _NO_
    List language and/or dialect _____

4.  This case will take _20_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | _X_ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | ____ |
| V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No) _NO_
    If yes:
    Judge: _____     Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) _NO_
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: 98-6015-CR-HURLEY(s)(s)(s)
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____     District of _____

    Is this a potential death penalty case? (Yes or No) _NO_

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No   If yes, was it pending in the Central Region? _x_ Yes __ No

8.  Did this case originate in the Narcotics Section, Miami? __ Yes _x_ No

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY
COURT ID. A550209

\*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  **JAMES BOOKER**    NO. 00-6047-CR-HUCK(s)
Count #:1    21 U.S.C. 952    CONSPIRACY TO IMPORT CONTROLLED SUBSTANCES

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:2    U.S.C. 841    CONSPIRACY TO POSSESS CONTROLLED SUBSTANCES
                           WITH THE INTENT TO DISTRIBUTE

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:3    21 U.S.C. 952    IMPORTATION OF COCAINE
             18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:4    21 U.S.C. 841    POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
             18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:5    21 U.S.C. 952    IMPORTATION OF COCAINE
             18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:6    21 U.S.C. 952    IMPORTATION OF MARIJUANA
             18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:7    21 U.S.C. 841    POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
             18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

Defendant's Name: **JAMES BOOKER**    NO. 00-6047-CR-HUCK(s)

Count #:8    21 U.S.C. 952    IMPORTATION OF MARIJUANA
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:9    21 U.S.C. 841    POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:10    21 U.S.C. 952    IMPORTATION OF COCAINE
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:11    21 U.S.C. 952    IMPORTATION OF MARIJUANA
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:12    21 U.S.C. 952    IMPORTATION OF MARIJUANA
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:13    21 U.S.C. 952    IMPORTATION OF MARIJUANA
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:14    21 U.S.C. 841    POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
            18 U.S.C. 2

\*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #:

\*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **JARROD KNIGHT**          NO.  00-6047-CR-HUCK(s)

Count #: 1      21 U.S.C. 952          CONSPIRACY TO IMPORT CONTROLLED SUBSTANCES

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #: 2      21 U.S.C. 841          CONSPIRACY TO POSSESS CONTROLLED SUBSTANCES
                                       WITH THE INTENT TO DISTRIBUTE

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #: 3      21 U.S.C. 952          IMPORTATION OF COCAINE
                18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #: 4      21 U.S.C. 841          POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
                18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

Count #: 5      21 U.S.C. 952          IMPORTATION OF COCAINE
                18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **SEAN DIXON**          NO. 00-6047-CR-HUCK(s)
Count #: 1      21 U.S.C. 952          CONSPIRACY TO IMPORT CONTROLLED SUBSTANCES

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #: 2      21 U.S.C. 841          CONSPIRACY TO POSSESS CONTROLLED SUBSTANCES
                                       WITH THE INTENT TO DISTRIBUTE

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:3      21 U.S.C. 952          IMPORTATION OF COCAINE
               18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #: 4      21 U.S.C. 841          POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
               18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **DONNELL BOKS**          NO.  00-6047-CR-HUCK(s)
Count #: 1          21 U.S.C. 952          CONSPIRACY TO IMPORT CONTROLLED SUBSTANCES

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #: 2          21 U.S.C. 841          CONSPIRACY TO POSSESS CONTROLLED SUBSTANCES
                                           WITH THE INTENT TO DISTRIBUTE

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:13          21 U.S.C. 952          IMPORTATION OF MARIJUANA
                    18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:14          21 U.S.C. 841          POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
                    18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **EARNEST ARCHIE**    NO. 00-6047-CR-HUCK(s)
Count #: 1    21 U.S.C. 952    CONSPIRACY TO IMPORT CONTROLLED SUBSTANCES

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #: 2    21 U.S.C. 841    CONSPIRACY TO POSSESS CONTROLLED SUBSTANCES
WITH THE INTENT TO DISTRIBUTE

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:13    21 U.S.C. 952    IMPORTATION OF MARIJUANA
18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:14    21 U.S.C. 841    POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
18 U.S.C. 2

*Mandatory Minimum Penalty: 10 YEARS UP TO LIFE IMPRISONMENT
Count #:x.

*Mandatory Minimum Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96